UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BILL O. McCLAIN, JR.,<br><br>                  Plaintiff,<br>vs.<br><br>D. LEISURE, et al.,<br>                  Defendants. | No. 1:03-cv-703-RLY-TAB |

### E N T R Y

This civil rights action brought by Bill McClain was resolved through the entry of summary judgment for the defendants. Judgment was entered on the clerk's docket on September 7, 2005. A post-judgment motion for an extension of time in which to do certain things was denied on September 30, 2005, and was followed with McClain's "verified motion to amend or alter judgment," which is the motion addressed in this Entry. The "verified motion to amend or alter judgment" was filed with the clerk on October 6, 2005, but can be treated as having been "filed" on the date it was signed, which was October 4, 2005.

The first order of business is to determine the true nature, procedurally, of the "verified motion to amend or alter judgment." Because that motion was filed more than ten (10) working days after the entry of judgment on the clerk's docket, the motion must be treated as a motion for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure*. *See United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) ("substantive motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b).").

"A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Med. Faculty Found.,* 273 F.3d 757, 762 (7th Cir. 2001). A motion for relief from judgment pursuant to 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994). It also authorizes relief for "any other reason justifying relief from the operation of the judgment." Rule 60(b), **F.R.Civ.P.** The motion to amend or alter judgment does not seek relief based on one of the grounds specified in Rule 60(b). Instead, the plaintiff cites matters which are either extraneous to

the allegations in the case or which have already been considered. The plaintiff's motion to amend or alter judgment is a general request for another bite at the apple, supported only by the plaintiff's view that the defendants wronged him. However, not even Rule 60(b)(6) authorizes relief in such circumstances. *Karraker v. Rent-A-Center, Inc.,* 411 F.3d 831, 837 (7th Cir. 2005)("Since none of Rule 60(b)'s enumerated justifications for relief apply, [the Rule 60(b) movant] can only conceivably be entitled to relief under the catch-all provision, Rule 60(b)(6), and that provision is not an appropriate place to slip in arguments that should have been made earlier."). Rule 60(b)(6) applies only under "extraordinary circumstances," *Lowe v. McGraw-Hill Cos.,* 361 F.3d 335, 342 (7th Cir. 2004), and no such circumstances are present here. Similarly, although this post-judgment motion could be understood as arguing that this court committed legal error in ruling on the defendants' motion for summary judgment, such an understanding would not advance his purpose, nor would it even establish the court's ability to consider such an argument. *See Marques v. FRB,* 286 F.3d 1014, 1018-19 (7th Cir. 2002) ("A legal error is not one of the specified grounds for [a 60(b) motion]. In fact, it is a forbidden ground.").

On the basis of the foregoing, therefore, the plaintiff's motion to amend or alter judgment, treated as a motion for relief from judgment, is **denied.**

**IT IS SO ORDERED.**

Date: 10/13/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Betsy M. Isenberg, bisenberg@atg.state.in.us
Bill O. McClain, Jr. , DOC #852486, MIAMI CORRECTIONAL FACILITY, PO Box 900,
     Bunker Hill, IN 46914